IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CIRTRAN CORP.,<br><br>Plaintiff,<br><br>vs.<br><br>GUTHY-RENKER CORP. ET AL.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STAY LITIGATION AND COMPEL ARBITRATION<br><br><br><br>Case No. 2:06-CV-543 TS |

    This matter is before the Court on Defendants Guty-Renker Corp. ("GRC") and Ben Van de Bunt's Motion to Stay Litigation and Compel Arbitration.[1]  In this action, Plaintiff CirTran brings several claims against Defendants, including breach of contract, intentional interference with economic relations, and intentional misrepresentation in formation of arbitration provision. The claims relate to an agreement by which Plaintiff agreed to supply Defendants with fitness products.  The agreement included an arbitration provision which states that "[a]ny controversy

---

[1]Docket No. 3.

1

between Manufacturer [CirTran] and GRC arising out of or relating to this Agreement or the breach thereof, shall be settled by binding arbitration."[2]

Defendants argue that the parties to this action have entered into a broadly phrased agreement, and that Plaintiff's claims in this action arise out of, or relate to the agreement. To oppose Defendants' Motion, Plaintiff relies solely upon assertions of fraud in the inducement of the arbitration clause.

Section 3 of the Federal Arbitration Act requires district courts to stay legal proceedings when the subject matter of the dispute is subject to arbitration.[3] The Tenth Circuit has adopted a "liberal federal policy favoring arbitration."[4] Courts "resolve 'any doubts concerning the scope of arbitrable issues in favor of arbitration.'"[5] The presumption in favor of arbitrability applies especially when terms like "arising out of" or "relating to" are used, regardless of the nature of the cause of action.[6] Courts "must enforce agreements to arbitrate absent a well-founded claim that an arbitration agreement resulted from some sort of fraud."[7]

---

[2] Def's Ex. B, at Section 14.7.

[3] 9 U.S.C. § 3.

[4] *P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999).

[5] *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

[6] *Id.* at 871.

[7] *Arnold v. Arnold Corp.*, 668 F. Supp. 625, 627 (N.D. Ohio 1987) (quotation and citation omitted).

Defendants argue that the fraud exception to the presumption favoring arbitration agreements does not apply here because Plaintiff has not pleaded fraud with particularity under Fed. R. Civ. P. 9(b).  Plaintiff's Complaint alleges that: (1) Guthy-Renker stated that the arbitration provision would not come into play because it would comply with the agreement; (2) that [the agreed upon arbitrator] is biased because of business ties with GRC; and (3) that GRC had no intention of participating in a fair arbitration, but rather, set up a sham proceeding.

This Court agrees with Defendant.  Plaintiff's first and second alleged grounds are neither sufficient to set forth a claim of fraud, nor pleaded with particularity.  Similarly, Plaintiff's second ground is insufficient because it does not set forth specific facts from which to ascertain business ties resulting in bias.  Accordingly, this Court finds that there is no well-founded claim that the arbitration agreement resulted from fraud.  Even were the Court to look outside of Plaintiff's pleadings, and consider the Motion to Compel under a summary judgment standard,[8] Plaintiffs have not demonstrated factual issues sufficient to overcome the presumption in favor of arbitrability.

Plaintiff, in its Opposition to Defendant's Motion, sets forth, for the first time, specific facts underpinning its alleged claim for fraud in the inducement of the agreement.  Plaintiff points to the Affidavit of Iehab Hawatmeh, CEO and president of CirTran.  Therein, Hawatmeh alleges facts in an attempt to bolster Plaintiff's asserted grounds of fraud.  However, Hawatmeh's

---

[8] As found in, e.g., *Minter v. Freeway Food, Inc.*, No. 103CV00882, 2004 WL 735047, at *2 (M.D.N.C. Apr. 2, 2004).

testimony relates to grounds this Court does not find sufficient to set forth a claim of fraud, and includes inadmissable hearsay, speculation, and other inadmissable evidence.

In short, the parties to this action, who are two sophisticated commercial entities, entered into a broad arbitration agreement, for which there is a strong presumption of enforcability. Plaintiff has not set forth a well-founded claim, either within or without the pleadings, that the arbitration agreement resulted from fraud.  Accordingly, this Court will grant Defendants' Motion.

It is therefore

ORDERED that Defendants' Motion to Stay Litigation and Compel Arbitration (Docket No. 3) is GRANTED.

DATED   November 7, 2006.

                                              BY THE COURT:

                                              _____
                                              TED STEWART
                                              United States District Judge